1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROD W. IRELAND,

   Plaintiff,      No. CIV S-08-2102 LKK DAD P

 vs.

SOLANO COUNTY SHERIFF, et al.,

   Defendants.   <u>ORDER</u>

            /

  Plaintiff, an inmate at Solano County Jail and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis. Plaintiff has not submitted his in forma pauperis request on a proper form.

  Plaintiff's request for leave to proceed in forma pauperis will be denied, and plaintiff will be granted thirty days to submit a new request on a proper form. Plaintiff is cautioned that the form includes a section that must be completed by a jail official, and the application form must be accompanied by a certified copy of plaintiff's inmate trust account statement for the six-month period immediately preceding the filing of this action.

  On September 16, 2008, plaintiff filed an amended complaint. Plaintiff is advised that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without

1

reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  The court finds that plaintiff has failed to answer the questions concerning exhaustion of administrative remedies in the form complaint.  Therefore, the court will dismiss the amended complaint and grant plaintiff leave to file a second amended complaint.

The court also notes that the amended complaint does not make clear whether plaintiff is complaining about actions taken against him during state court criminal proceedings or actions taken following his conviction.  Therefore, in any second amended complaint filed with the court plaintiff must clarify his status when the alleged violations of his constitutional rights occurred.  Specifically, plaintiff must clarify whether the alleged constitutional violation occurred before or after his arraignment, during his trial, or after his conviction.

In addition, the second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has named Sheriff Stanton as a defendant.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

/////

1       On September 16, 2008, plaintiff filed a motion for the appointment of counsel.
2 The United States Supreme Court has ruled that district courts lack authority to require counsel
3 to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S.
4 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary
5 assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017
6 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present
7 case, the court does not find the required exceptional circumstances. Plaintiff's motion for the
8 appointment of counsel will therefore be denied.

9       Accordingly, IT IS HEREBY ORDERED that:

10       1. Plaintiff's September 8, 2008 request for leave to proceed in forma pauperis is
11 denied without prejudice;

12       2. The amended complaint, filed on September 16, 2008, is dismissed;

13       3. Plaintiff shall submit, within thirty days from the date of service of this order, a
14 properly completed application to proceed in forma pauperis on the form provided with this
15 order;

16       4. Plaintiff is granted thirty days from the date of service of this order to file a
17 second amended complaint that complies with the requirements of the Civil Rights Act, the
18 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
19 must bear the docket number assigned to this case and must be labeled "Second Amended
20 Complaint;" plaintiff shall use the form complaint provided by the court;

21       5. Plaintiff's September 16, 2008 motion for the appointment of counsel (Doc.
22 No. 5), is denied;

23       6. Plaintiff's failure to comply with this order will result in a recommendation
24 that this action be dismissed without prejudice; and

25 /////

26 /////

7. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action and the court's form complaint for a § 1983 action.

DATED: September 29, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
irel2102.3d+