

**FILED**

OCT 08 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Rod Ireland
(Name of Plaintiff)

500 Union Ave
(Address of Plaintiff)

Fairfield CA. 94533

vs.

Jesse Grapentine

Deputy Barrilleaux,

Badge #IC 131
(Names of Defendants)

208-cv-2102-OAO
(Case Number)

Second Amended
COMPLAINT

I. Previous Lawsuits:

   A. Have you brought any other lawsuits while a prisoner:  ☒ Yes   ☐ No

   B. If your answer to A is yes, how many?: ___1___  Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

     1. Parties to this previous lawsuit:

       Plaintiff Rod Ireland

       Defendants Department of Corrections - no probable cause hearing held.

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983                    Rev'd 5/99

2. Court (if Federal Court, give name of District; if State Court, give name of County)
U.S. District norther

3. Docket Number  n/A

4. Name of judge to whom case was assigned  n/A

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
Dismissed by plaintiffs request

6. Approximate date of filing lawsuit  2003

7. Approximate date of disposition  2004

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?   ☒ Yes   ☐ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
      ☒ Yes   ☐ No
      If your answer is no, explain why not _____

   C. Is the grievance process completed?   ☒ Yes   ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant Jesse Grapentine is employed as Sheriffs Deputy at Solano County Jail

B. Additional defendants Borrilleaux, badge #1013l Sheriffs Deputy at Solano County Jail

4

IV.  Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

See Attachment

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

See Attachment

Signed this 6 day of October, 2008.

Rod Ireland
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

10/06/08
(Date)

Rod Ireland
(Signature of Plaintiff)

5

Demand for Jury Trial

Plaintiff Alleges:

**1.**

This is an action brought under 42 U.S.C. 1983 to recover damages against Defendants for violation of Plaintiffs Rights to be free of cruel and unusual punishment, Guaranteed by the Eighth and Fourteenth Amendments to the US Constitution.

**2.**

The Jurisdiction of this Court is predicated on 28 U.S.C. 1331, and 1343.

**3.**

Plaintiff, Rod W. Ireland, is and at all times mentioned in this complaint was, a citizen of the United States, and a Pre-trial Detainee, in the custody of Solano County Jail, in Fairfield CA.

**4.**

Defendants Jesse Grapentine and Deputy Barrilleaux, Badge# IC131, is and at all times mentioned in this complaint was, a Deputy at the Solano County Jail Detention Facility in Fairfield CA. Venue is therefore proper under 28 U.S.C. 1391(b).

5.

Defendants was, at all times mentioned in this Complaint, Deputies, an agent of the County of Solano, Employed as Sheriffs Deputies at the Solano County Jail Detention facility in Fairfield, CA.

6.

Defendants were, at all times mentioned in this Complaint, acting in the course and scope of their employment as Sheriffs Deputies at Solano County Jail Detention facility.

7.

Defendants were, at all times mentioned in this Complaint, acting under color of State law.

8.

Defendants are sued in their individual capacities.

9.

On August 14, 08, Defendant J. Grapentine did apply the mechanical restraints to Plaintiff Ireland for transfer to Court holding for Plaintiffs Arraignment.

10.

1  After the mechanical Restraints were
2  applied, Plaintiff informed Deputy J.
3  Grapentine that the Restraints were
4  too tight causing Pain, and asked if
   Restraints could be loosened.

   11.

6  J. Grapentine responded by telling
7  Plaintiff, "no, they are just Fine," and
8  Deputy Grapentine did so with a smile
9  on his face.

   12.

11 Plaintiff again stated, "they are too tight,
12 you dont Know what its like
13 being in these all day with them this
14 tight," and Deputy Grapentine responded
15 and said "Yeah I do, Ive been in them
16 before," At which time Plaintiff was Led
   away by another Deputy.

   13.

18 After being in court holding for about
19 twenty five or Thirty minutes Plaintiff
20 asked Deputy Villaseanor to please
21 loosen the chains because, "my hip and
22 leg are in pain because the chains are
23 too tight", causeing me pain, Deputy
24 Villaseanor checked the waist chains
25 and loosened them because they
   were too tight.

   14.

When Plaintiff was returned from Court, Deputy Grapentine commented about Plaintiff's "Chains being loosened" with anger in his voice, at which time Plaintiff said "Yes." Deputy Grapentine then exhibited anger and said "Well, I guess I'll just have to talk to them about that," then Plaintiff had the restraints removed and sent back to his cell.

15.

Defendants Deliberate and wanton disregard for, and malicious indifference for and of Plaintiff's wellbeing and discomfort caused injury to Plaintiff's hip and leg necessitating medical treatment and care by a doctor and a neurologist.

16.

On 9-8-08, Plaintiff was again called for Court, arraignment in Superior Court. Deputy Barrilleaux came from the next unit over and applied the mechanical restraints to Plaintiff.

17.

Again, Plaintiff felt discomfort and pain when Deputy Barrilleaux applied the wrist restraints and Plaintiff asked if it had been awhile since the Deputy, ("Barrilleaux") had used them because they were too tight, and Deputy Barrilleaux answered, "no, actually I'm an expert at it." Then Plaintiff was led away.

18.

After Plaintiff was returned from Court he imediatley showed the Deputy on Duty the Broken and bleeding Skin, swollen wrists and redness caused directly from the Handcuffs being so tight.

19.

Defendants Deliberate and wanton disregard for, and malicious indifference to Plaintiffs wellbeing and discomfort caused injury to Plaintiffs wrists necessitating medical treatment and care by a doctor.

20

Plaintiff Alleges all acts herein complained about as stated above, took place during State Court Criminal Proceedings

21.

in Acting as Alleged in this Complaint, Defendants violated Plaintiffs right to be free of cruel and unusual Punishment, Guaranteed by the Eighth and fourteenth Amendments to the U.S. Constitution.

22.

As a direct and Legal result of Defendants actions, described in this complaint, Plaintiff has suffered injury, pain, and emotional distress in that Plaintiff must suffer the Pain of nerve damage, numbness, muscle strength loss, muscle spazm's, muscle cramps and occasional muscle failure. as well as numbness in fingertips

1. and strength loss in right hand.
2. And mental distress caused by Deputies
3. who are sworn to uphold the law and
4. to serve and protect mankind, but yet
5. abused Plaintiff as stated in complaint
6. above, causing distrust and fear of
7. Peace Officers, as a direct result of the
8. cruel and unusual Punishment.

22.

In acting as is alleged in this complaint, Defendants acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiffs federally protected rights.

23.

Plaintiff exhausted available administrative remedies, by utilizing the Solano County Jail Detention Center inmate Grievance Procedure,

Wherefore; Plaintiff prays judgement against Defendants as follows:

1. For Compensatory Damages, in an amount to be determined according to proof at trial;

2. For General Damages in an amount to be determined according to proof at trial;

3. For Punitive Damages, in an amount to be determined according to proof at trial;

4. For costs of suit incurred in this action, and reasonable attorney fees if necessary.

for such other and further relief as the honorable Judge and court may deem proper.

Dated 10/6/08

Respectfully Submitted,

Rod W. Ireland
#2008012152
2:08-CV-2102-DAD
500 Union Ave
Fairfield CA. 94533

Demand for Jury Trial

Dated 10/6/08

Rod Ireland