IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROD W. IRELAND,

      Plaintiff,                        No. 2:08-CV-2102-RCF

   vs.

SOLANO COUNTY SHERIFF, et al.,

      Defendants.

_____/         <u>ORDER DENYING IN FORMA PAUPERIS</u>

                                                         <u>PETITION WITHOUT PREJUDICE</u>

      Plaintiff, a prisoner proceeding pro se, seeks to bring this civil action in forma pauperis, asserting claims under 42 U.S.C. § 1983.  As explained below, the court must deny plaintiff's petition because the inmate account statement that he submitted does not include information for the six-month period *immediately* preceding October 4, 2008, the date that he filed his complaint.  If plaintiff wishes to proceed with this case, he must, within 30 days from the date of this order, file a new application to proceed in forma pauperis that includes this information.

      A federal statute, 28 U.S.C. § 1915(a), sets forth certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under 28 U.S.C. § 1915, a prisoner who brings a civil action in forma pauperis must, over time, pay a $350 filing fee.  In

1

order for the court to determine how the prisoner must pay this fee, the prisoner must submit a certified copy of his inmate account statement for the six-month period *immediately* preceding the date that the prisoner filed his complaint. *See* § 1915(a)(2). If the court grants the prisoner's petition, the court must, based on the information in the inmate account statement, "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." § 1915(b)(1).

In this case, plaintiff has submitted an inmate account statement for the period of January 1, 1990 through September 19, 2008. The court will therefore deny plaintiff's petition to proceed in forma pauperis without prejudice to resubmission. If, within 30 days from the date of this order, plaintiff submits a new, completed application to proceed in forma pauperis, including a certified copy of his inmate account statement <u>showing his funds for the period of April 4, 2008 through October 4, 2008</u>, the court will grant his petition, and thereby obligate plaintiff to pay a $350 filing fee. If, by that time, plaintiff decides not to proceed with the case, he need not pay the $350 filing fee.

In order for plaintiff to decide whether to submit a new petition and proceed with the case, the Court will address the screening requirements of Prison Litigation Reform Act. Under 28 U.S.C. § 1915A, this Court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Thus, if plaintiff decides to proceed with this case, the Court

2

would then be required to determine whether plaintiff's complaint states a cognizable claim for relief with respect to each named defendant.

Plaintiff states that Sheriff's Deputy Grapentine and Deputy Barrileaux violated his Eighth Amendment right to be free of cruel and unusual punishment by placing handcuffs and mechanical restraints on him so tightly as to cause lasting injury. There are two requirements to show a violation of the Eighth Amendment. First, the act alleged "must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted). Second, because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment . . . a prison official must have a sufficiently culpable state of mind." *Id.* (internal quotations omitted). A violation of the Eighth Amendment is not established by the degree of injury inflicted, but by "the use of official force or authority that is intentional, unjustified, brutal and offensive to human dignity." *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991) (internal quotations omitted). Plaintiff's allegations, if construed in the light most favorable to plaintiff, may be sufficient to state Eighth Amendment claims against defendants Grapentine and Barrileaux. This is not to say, however, that the court has decided whether plaintiff would prevail on these claims.

Accordingly, it is ORDERED as follows:

1. Plaintiff's petition to proceed in forma pauperis is DENIED WITHOUT PREJUDICE to its being refiled within 30 days from the date of this order.

2. If plaintiff, within 30 days from the date of this order, submits a new, properly completed application to proceed in forma pauperis, including a certified inmate account statement showing his funds for the period of <u>April 4, 2008 through October 4, 2008</u> this action will be reinstated, and the plaintiff's petition will be granted.

3. The Clerk of the Court is directed to send plaintiff an Application to Proceed in Forma Pauperis By a Prisoner for use in a civil rights action.

1  DATED: April 7, 2009

/s/ Raymond C. Fisher
Raymond C. Fisher,
UNITED STATES CIRCUIT JUDGE
Sitting by Designation