IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROD W. IRELAND,

      Plaintiff,                       No. 2:08-CV-2102-RCF

      vs.

SOLANO COUNTY SHERIFF, et al.,

      Defendants.

_____/      ORDER SCREENING CASE, DENYING

                                          RECONSIDERATION OF IN FORMA PAUPERIS

                                          PETITION, AND DENYING

                                          APPOINTMENT OF COUNSEL

Plaintiff Rod Ireland, a prisoner proceeding pro se, asserts claims under 42 U.S.C. § 1983 related to the use of restraints.

## I. Screening the Complaint

Under 28 U.S.C. § 1915A, the court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Pro se pleadings are liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). This Court must therefore determine whether Ireland's complaint states a cognizable claim for relief with respect to each named defendant.

Ireland claims a violation of his right to be free of cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments. 2d Am. Complaint ¶ 1. On August 14, 2008,

defendant Grapentine applied mechanical restraints to Ireland to secure him during transport to a court appearance. *Id.* ¶ 9. Although Ireland complained that the restraints were too tight, Grapentine did not loosen the restraints. *Id.* ¶¶ 10-12. On September 8, 2008, Ireland again traveled to a court appearance and was again placed in mechanical restraints. *Id.* ¶ 16. Although Ireland complained to defendant Barrilleaux that his handcuffs were too tight, Barrilleaux did not loosen them. *Id.* ¶ 17. Ireland alleges that the second incident resulted in broken and bleeding skin, swollen wrists, and redness. *Id.* ¶ 18.

"When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind."" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). A court must focus on "the amount of force used, not the nature or severity of the injury inflicted." *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (citing *Hudson*, 503 U.S. at 9-10).

The incidents Ireland describes in his complaint do not rise to the level of an Eighth Amendment violation. The ordinary use of handcuffs and other restraints, while undoubtedly uncomfortable, is a part of the "routine discomfort [that] is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson*, 503 U.S. at 9 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Although the deliberate use of handcuffs to inflict pain would qualify as malicious or sadistic behavior that violates the Eighth Amendment, Ireland alleges that defendant Grapentine specifically stated that the handcuffs were "just fine," and defendant Barrilleaux cited to his expertise in handcuff use when declining Ireland's request to loosen the cuffs. 2d Am. Complaint ¶¶ 11, 17. Even construing the facts in the light most favorable to the plaintiff, defendants' statements on their face do not show intent to harm, but rather defendants' belief the handcuffs were being applied in their ordinary manner. The allegation that Grapentine smiled at Ireland when informing Ireland that the cuffs did not need to

2

be loosened may show a lack of sympathy, but this alone is not a sufficient basis for a claim of malice. Nor does the claim that another deputy later loosened Ireland's restraints show that defendants aimed to harm him. *See id.* ¶ 13. Most importantly, Ireland does not allege that his restraints were unnecessary or that defendants were aware that he was experiencing more than routine discomfort. Ireland does not even allege Barrilleaux knew the handcuffs were causing discoloration or cuts and he then failed to loosen the cuffs. <u>Thus the facts currently alleged do not form an adequate basis for the Court to impute knowledge or malicious intent to the defendants</u>. Therefore, the complaint fails to state a claim upon which relief can be granted and it must be dismissed, without prejudice to Ireland's timely filing a sufficient amended complaint.

## II.  In Forma Pauperis Petition

On September 8, 2008, Ireland applied to proceed in this action in forma pauperis. On September 30, 2008, the Honorable Dale A. Drozd, United States Magistrate Judge, denied the application. On October 8, 2008, Ireland again applied to proceed in forma pauperis. On April 7, 2009, after reassignment of this case, this Court denied plaintiff's petition with leave to re-file within 30 days and explicit instructions on how to do so properly. On May 7, 2009, Ireland filed a "response" claiming that he could not fill out the proper forms, as he had not been in prison for six months prior to filing the instant lawsuit. This does not comport with his prior submission. Previously, Ireland submitted records from January 1, 1990 until September 19, 2008. <u>The defect in his submissions was his failure to produce account statements for the period between September 19th and October 4, 2008</u>. Ireland has not denied that records exist for this 15-day period. Therefore, Ireland's response – which this Court liberally construes as a motion for reconsideration – is denied.

## III.  Appointment of counsel

On September 16, 2008, Ireland moved for the appointment of counsel. On September 30, 2008, Magistrate Judge Drozd denied the motion. On October 10, 2008, Ireland again moved for the appointment of counsel. Given this Court's current ruling concerning the viability of

3

Ireland's claims, the motion for the appointment of counsel is again denied.

Ireland requests the appointment of counsel under 28 U.S.C. § 1915(d). "The court may appoint counsel under section 1915(d) only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986) (citations omitted). As Ireland's claim is not viable, his request for the appointment of counsel is denied. Should Ireland submit a third amended complaint that presents a viable claim, this Court will entertain a successive motion for the appointment of counsel. However, Ireland should note that even should the Court grant such a motion, that would not guarantee the assistance of counsel; it would merely place his case on a list of cases that volunteer attorneys may accept.

***

Accordingly, it is ORDERED as follows:

1. Plaintiff's second amended complaint is DISMISSED without prejudice as to all defendants. Plaintiff is granted 30 days from the date of this order to file a third amended complaint asserting cognizable claims for relief.

2. Plaintiff's request to proceed in forma pauperis is DENIED. If plaintiff, within 30 days from the date of this order, submits a new, properly completed application to proceed in forma pauperis, including a certified inmate account statement showing his funds for the period of <u>April 4, 2008 through October 4, 2008</u> this action will be reinstated, and the plaintiff's petition will be granted.

3. The Clerk of the Court is directed to send plaintiff an Application to Proceed in Forma Pauperis By a Prisoner for use in a civil rights action.

4. Plaintiff's motion for the appointment of counsel is DENIED. Plaintiff is directed

not to submit a successive motion for appointment of counsel unless and until his third amended complaint has been screened by this Court pursuant to 28 U.S.C. § 1915A.

     5.     The Clerk of the Court is directed to close plaintiff's motion for appointment of counsel (Docket No. 13).

DATED: September 15, 2009

                                /s/ Raymond C. Fisher
                                Raymond C. Fisher,
                                UNITED STATES CIRCUIT JUDGE
                                Sitting by Designation